## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

IN RE: )
 )
CHARLES POINTER )

### ORDER OF COURT EN BANC

This matter is before the Court en banc on its own motion. Between November 27, 2000, and April 20, 2005, Charles Pointer, pro se, has filed twenty-three causes of action in the Eastern District of Missouri and has been granted in forma pauperis status in each case. *See* Appendix A. In twenty-one of these cases, Pointer alleged discrimination in connection with employment, education, state programs or business opportunities, chiefly on the bases of race and sex but also on the bases of national origin and age. Of these twenty-one cases, one case involved additional allegations regarding the amount of child support paid by Pointer and his lack of visitation rights. Of the two remaining cases, one involved a claim of retaliation under Title VII and one involved a challenge to Pointer's past due child support obligation.

Ten of the twenty-three cases were dismissed on pro se review. Appendix A, Nos. 3, 4, 11, 12, 16-18, 20-22. Seven of the cases which were dismissed on pro se review were dismissed under the principles of res judicata or as duplicative. *Id.*, Nos. 11, 12, 16-18, 21, 22. Summary judgment was granted in favor of the defendant in ten cases. *Id.*, Nos. 1, 2, 5, 7, 9, 13-15, 19, 22. In seven of the ten cases in which summary judgment was granted, the court concluded that plaintiff failed to establish a prima facie case of discrimination. *Id.*, Nos. 1, 2, 5, 7, 13, 14, 19. The summary judgment orders average ten pages in length. Two cases were dismissed by stipulation for dismissal. *Id.*, Nos. 8, 10. One case went to trial and resulted in a defendant's verdict. *Id.*, No. 6.

Upon review of the twenty-three complaints[1], this Court expressly finds that Charles Pointer has abused the judicial process and has abused his right to file actions and proceedings in this Court "by filing a multitude of meritless lawsuits, and that this course of conduct will likely continue unabated unless preventive measures are imposed." *In re: Billy Roy Tyler*, 839 F.2d 1290, 1295 (8th Cir. 1988); *see Green v. White*, 616 F.2d 1054 (8th Cir. 1980).

Therefore, in order to ensure the integrity of the judicial process and in order to prevent Charles Pointer from further abusing his right to file actions and proceedings in this Court, the Court en banc hereby adopts the following measures:

**IT IS HEREBY ORDERED** that Charles Pointer is prohibited from filing any new action or proceeding with this Court without first obtaining leave of court.

**IT IS FURTHER ORDERED** that Charles Pointer is prohibited from transferring or removing any action filed in another district court or in state court to this Court, whether initially filed with payment of the requisite filing fee or in forma pauperis, without first obtaining leave of court.

**IT IS FURTHER ORDERED** that Charles Pointer is prohibited from reopening any action or proceeding filed in this Court without first obtaining leave of court.

**IT IS FURTHER ORDERED** that, in the actions in which Charles Pointer has been granted leave to file or to proceed on a pro se complaint, he is prohibited from filing pleadings or other materials subsequent to the complaint without first obtaining leave of court.

**IT IS FURTHER ORDERED** that the Clerk of Court shall refuse to accept any

---

[1] The word "complaint" as used in this order shall include a petition and any other document, regardless of its designation, that seeks to initiate a cause of action.

2

submissions for filing from Charles Pointer, whether filed with payment of the requisite filing fee or in forma pauperis, unless such submissions for filing are accompanied by an order of this Court granting leave.

**IT IS FURTHER ORDERED** that leave of court shall be forthcoming upon Charles Pointer's alleging, in the form of a proposed complaint, in clear and specific language, that he has recently been subjected to an actionable civil wrong or constitutional deprivation, or that he is about to be subjected to a constitutional deprivation by reason of the threat of an immediate, extraordinary and irreparable physical harm. Each prospective complaint must be supported by affidavits which set forth, clearly and specifically, the facts giving rise to the complaint and any documentation of such facts as may exist or as the Court may require. Further, the Court will consider, prior to granting leave, whether the complaint sets forth a claim of which the Court has jurisdiction, can survive a challenge under Federal Rule of Civil Procedure 12, is not barred by principles of claim or issue preclusion, is not repetitive or violative of a court order and is in compliance with Federal Rule of Civil Procedure 11.

So ordered this 17th day of November, 2005.

Carol E. Jackson
Chief United States District Judge

Jean C. Hamilton
United States District Judge

Donald J. Stohr
United States District Judge

3

_____
Charles A. Shaw
United States District Judge

_____
Catherine D. Perry
United States District Judge

_____
E. Richard Webber
United States District Judge

_____
Rodney W. Sippel
United States District Judge

_____
Henry E. Autrey
United States District Judge